# Ritz's Estate.

*Attorney at law—Representing both sides—Fees—Decedent's estates.*
An attorney at law who has represented creditors of a decedent in
bringing about a sale of the decedent's real estate, will not be allowed
a fee for services rendered the trustee appointed to make the sale; and
this is the case although the attorney may have formally withdrawn
from representing the creditors.

Argued March 4, 1913.    Appeal, No. 39, March T.,
1913, by Robert J. Blair, Trustee, from decree of O. C.
Luzerne Co., No. 330, of 1908, surcharging trustee in
Estate of Anthony Ritz.    Before RICE, P. J., HENDERSON,
MORRISON, ORLADY, HEAD and PORTER, JJ.    Affirmed.

Petition to open decree sustaining exception to trustee's
account.

FREAS, P. J., filed the following opinion:

The facts are as follows: The petition of Josephine
Ritz, administratrix of the estate of Anthony Ritz,
deceased, for the public sale of the real estate of de-
cedent for payment of his debts, was presented Octo-
ber 12, 1908, to the court by J. R. Scouton, attorney for
petitioner.

The petition recited the indebtedness as follows:

Expenses of administration, $100; judgment No. 121,
December Term, 1903, in favor of the Robbins Milling
Company for $206.95, with interest from October 15,
1903, and costs, $269.39; judgment No. 122, December
Term, 1903, in favor of A. R. Bonn for $85.20, with
interest from October 15, 1903, and costs, $113.55;
total, $482.94.

The order of sale was made and upon the petition of
the administratrix stating that she was unable to pro-
cure a bond, and requesting the appointment of R. J.
Blair as trustee to make the sale, he was so appointed.
After the property was sold for $2,058, the adminis-

tratrix petitioned the court to have the sale set aside, alleging that Mr. Scouton was attorney for the creditors and that she had signed the papers under a misapprehension and that it was not her wish to have the property sold; that the estate did not owe the amounts set forth in the petition; that the costs of this proceeding are in excess of the debts actually owed by the decedent, and that the price bid for the property is inadequate. Upon the filing of a bond agreeing to bid $2,500, the court ordered a resale of the property, when it was sold for $2,800. In his account the trustee claimed a credit of $125 for "cash paid J. R. Scouton, attorney for estate." We sustained the exception to this item and it is the matter we are now reconsidering.

The continuance dockets of the court of common pleas show the appearance of J. R. Scouton as attorney for the plaintiffs whose claims appear in the petition for sale of decedent's real estate. The attorney also admits that Mrs. Ritz made payments up to January 24, 1907, at which time he received $35.00, which was retained by the attorney for fees and costs due from the creditors of the estate. But Mr. Scouton contends that he ceased to represent these creditors in October, 1908, and in this he is corroborated by the creditors. In other words, he ceased to be the attorney of the creditors just prior to his filing the petition for sale of the real estate. He, however, represented the administratrix when she took out letters and he and the subsequent trustee became her sureties, on June 17, 1908, at which time he also represented the creditors. It is significant also that the creditors mentioned in the petition for sale became the sureties on the bond of the trustee. The claim of A. R. Bonn was given in the petition for sale as $113.55; it was settled by the attorneys who succeeded Mr. Scouton for $64.28. The claim of Robbins Milling Company was given as $269.39; it was settled for $153.89. At the second sale the property brought $742, or thirty-six per cent more than at the first sale. We think these facts

demonstrate beyond question that Mr. Scouton through-out these proceedings represented the creditors rather than the estate. As their interests were conflicting, it was impossible to represent both sides.

Assuming that Mr. Scouton did cease to represent the creditors in October, 1908, we contend that he could not thereafter act for the estate. In a proceeding in the orphans' court for the sale of a decedent's real estate for the payment of his debts, the matter is largely ex parte and the court is compelled to rely in a large measure upon the good faith of counsel who represents the estate. It would present the matter in an entirely different light if counsel presenting the petition were to inform the court that he had up to that time represented the creditors but was now counsel for the estate. Nor would the court with knowledge of that fact, approve of the appointment of a clerk of counsel to act as trustee. When we also bear in mind that counsel and his clerk were sureties on the bond of the administratrix and the creditors were sureties on the bond of the clerk acting as trustee, it is apparent that counsel controlled the situation in a manner not contemplated by law. Gauged by results, the wisdom of the law is clear; for suspicion, dissatisfaction and loss have resulted.

The conclusion we have reached is not affected by the good faith of counsel, or the knowledge of the administratrix, or otherwise, for she acted in a representative capacity and could not so imperil the best interests of the estate.

We therefore find that J. R. Scouton, Esq., is not entitled to counsel fees from this estate and we accordingly affirm our previous finding.

*Error assigned* was the decree of the court.

*A. A. Vosburg*, for appellant.

*M. F. McDonald*, with him *James C. Murray*, for appellees.

OPINION BY HENDERSON, J., July 16, 1913:

On the facts exhibited by the record and found by the court we are unable to reach the conclusion that the decree entered was erroneous. It is admitted that the counsel for the trustee had, prior to his engagement in that capacity, acted for some, at least, of the creditors of the decedent in the collection of claims against the estate and these claims were, of course, adverse to the estate and it would be against the policy of the law to permit an attorney to receive compensation from both sides in a litigated proceeding. It is true that evidence was offered to show that the trustee's attorney had withdrawn from his employment on behalf of creditors before the application was made for the appointment of the trustee, but the learned judge of the orphans' court found from the evidence that this was a formal withdrawal and that the proceeding was carried on in the interest of the creditors. While there is no reflection on the integrity of the gentleman who acted as attorney for the appellant we are not convinced that a different decision should have been arrived at than that rendered by the orphans' court. The authority cited in the opinion, Fuller's Estate, 4 Kulp, 479, contains a discussion of the principle applied, and the cases there cited justify the conclusion reached by the court below.

We are of the opinion therefore that the decree should be affirmed.